Justices Hernández, Figueras, MacLeary, and Wolf concurred.

---

HERNÁNDEZ *v.* RESTO ET AL.

APPEAL from the District Court of Arecibo.

No. 129.—Decided December 15, 1904.

INTERDICT TO RETAIN POSSESSION—RIGHTS OF THE POSSESSOR.—A person in possession of real estate has an indisputable right to be respected and upheld in such possession, but in order that he may obtain an interdict to retain possession it is absolutely necessary that he should show that the defendant has disturbed such possession by acts which show willful intention to molest or dispossess him.

The facts are stated in the opinion.

*Mr. Juan R. Ramos,* for appellant.

*Mr. José E. Benedicto,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of July 11th of last year Attorney José E. Benedicto, in the name of Juan Hernández, filed an action in the District Court of Arecibo against A. Resto, Nicasio Collazo and Ramón Pérez to obtain an interdict to retain possession of a rural estate, alleging as facts that for ten years plaintiff had been in possession of the said property, situated in the *barrio* Coto and the place called Matruya, within the municipal jurisdiction of Manati, composed of 45 *cuerdas* of land, planted to coffee and small crops, there being situated thereon two houses built of native wood, with straw roofs, which property is bounded on the north by lands belonging to Francisco Agosto and Juan A. Ramos; on the west by lands belonging to Salvador Calaf, and on the south and east by those of Ricarda Velez de Ramos; that he acquired the said property by purchase from Ricarda Velez and her children, Juan A. and Isidoro Ramos, on August 8, 1894; that Juan A. Resto, Nicasio Collazo and Ramón Pérez circulated the report that the real estate described did not belong to said Hernández and continually entered upon the same and gathered the product thereof, whereby they disturbed the plaintiff's quiet and peaceful possession of the said property.

Witnesses having been heard in regard to the matter of possession by Juan Hernández and his disturbance therein by the defendants, Juan A. Ramos, Isidoro of the same surname, and Gabriel Roig testified in the affirmative. Therefore the parties were cited to appear at the oral trial and counsel for the plaintiff and Attorney Juan Ramón Ramos Vélez, representing Juan A. Resto, and Nicasio Collazo were present, the latter opposing the complaint and introducing Juan Ramos Casellas as a witness. He testified that

he is the owner of the land in *barrio* Coto of Manatí, which he purchased from Francisco Baez and which is recorded in the registry of property, and that Juan A. Resto, Nicasio Collazo and Ramón Perez are in possession and in charge of the same, the former of whom renders him an account of his share, the other two having left the property a week since, after they gathered the crops.

At the request of counsel for Juan A. Resto and Nicasio Collazo, the plaintiff, Juan Hernández, Gabriel Roig, Juan A. Ramos Vélez and Isidoro Ramos all testified, the first of whom says that he acquired the lands in question by purchase from Ricarda Vélez de Ramos and that he has been in possession of the same for the last fifteen years, the said Resto, Collazo and Pérez living thereon and taking the fruits of the property, and that he on several occasions brought suit against them because they did not render him accounts of the products. The second witness, namely, Roig, states that Hernández has always been in possession of the lands and that Resto, Collazo and Pérez have never delivered any of the products to him, but that they appropriated them to their own use, and adding in reply to questions propounded on cross-examination by the adverse party, that when he had charge of the property as manager of the same the defendants were living there, and that of the said defendants Resto was the only one who had anything planted on the land. The third witness, namely, Juan Ramos Vélez, testified that he owned a property in *barrio* Coto and sold 45 *cuerdas* of it to Juan Hernández, in whose favor he executed a private document, and, replying to a question propounded on cross-examination by the adverse party, he stated that Resto had been on the property for the last seven years, and that ever since last year he had refused to deliver the products of the same, and that the products were not delivered to Hernández because they were attached by the court. The fourth witness, namely, Isidoro Ramos, testified that he sold the property to

Hernández, and that he had been in possession of the same ever since, and that Resto, Collazo and Pérez had been placed on the property by the purchaser himself, who told them that they could have for themselves the small crops, and that Resto, Collazo and Pérez had disturbed the quiet possession of the same by Hernández.

Counsel for the plaintiff proposed documentary evidence as also counsel for the defendants, Resto and Collazo; but the only documentary evidence introduced at the request of the said Resto and Collazo, as also Ramón Pérez, whom Juan Ramón Ramos Vélez appointed to represent him, was a certificate to the effect that there was a proceeding pending before the District Court of Arecibo, wherein Juan Hernández was seeking to obtain a dominion title to the lands referred to in the application for an interdict, which proceeding had been opposed by Juan Ramón Casellas.

The Arecibo court rendered judgment on October 2 of last year, whereby it granted the interdict and ordered Hernández to be maintained in the possession of the property in question, without prejudice to the rights of third persons; and that the defendants be required in the future to abstain from committing acts of disturbance whereby they have molested and attempted to dispossess the plaintiff, with the proper warning in accordance with law, and condemning the defendants to pay the costs, and reserving to the parties such rights as they might have in the property or in the final possession thereof, which they may exercise in proper action.

From this judgment counsel for the defendants took an appeal, which was allowed both for review and stay of proceedings, and the record having been sent up to this Supreme Court, after service of citation upon the parties, the appeal was conducted according to the procedure provided for by law, and a day was set for the hearing, at which only counsel for the appellant was present.

An examination having been made of the evidence taken

on the trial, and the result of which has been succinctly set out, it appears to have been proved that the plaintiff was in possession of the lands referred to in the complaint, and that he had an indisputable right to be respected and upheld in such possession; but there is not sufficient evidence to prove that the defendants have disturbed him in such possession by acts which show an intention to molest or dispossess him, inasmuch as the witness who testified at the trial, in view of the language in which their testimony was given, do not prove this point, which is just as necessary as possession in order that an interdict to obtain possession may issue, according to the provisions of Article 1649 of the Law of Civil Procedure, which is applicable to the present case.

For the reasons set forth we are of the opinion that the judgment rendered by the District Court of Arecibo on October 2 of last year should be reversed, and that the application for an interdict to retain possession, filed by Juan Hernández, be dismissed, with the costs incurred on the trial against him and the costs of appeal to be without special imposition.

*So ordered.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.